**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BERNARDO HERNANDEZ-
CASTILLO,

Defendant - Appellant.

No. 97-2296
(D. Ct. No. CR-96-704-HB)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK**, and **KELLY**, Circuit Judges.

The defendant was found guilty of possession with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and for aiding and abetting in violation of 18 U.S.C. § 2. He appeals his conviction on two different grounds. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On November 11, 1996, United States Border Patrol Agent James Scott stopped at several motels in Las Cruces, New Mexico to look for suspicious vehicles that he believed could be harboring contraband or undocumented aliens. At the Western Inn motel, Agent Scott observed a male driver and a female passenger exit a brown 1977 Chevrolet pickup truck and walk toward the motel. Agent Scott conducted a canine inspection on the truck. The dog immediately alerted to the area between the cab and the bed. Several agents inspected the vehicle and discovered evidence they considered to be consistent with false compartments in the bed of the truck.

The agents observed a man later identified as Francisco Castaneda-Lopez standing barefoot in the breezeway of the motel. The agents thought he appeared surprised and fearful. After questioning Mr. Castaneda-Lopez, the agents determined he was an illegal alien and detained him. The agents escorted Mr. Castaneda-Lopez to his motel room to retrieve his shoes and discovered Bernardo Hernandez-Castillo and Priscilla Delgado fully clothed in bed. Agent Scott noticed a set of keys on the motel room dresser he believed were the keys to the brown pickup truck. Agent Scott unequivocally asked all the occupants of the room whom the keys belonged to. Mr. Hernandez-Castillo did not respond until Ms. Delgado indicated that he had been the driver of the truck. He reluctantly provided an additional ignition key to the truck that he stored in his wallet

wrapped in layers of tissue paper. Mr. Hernandez-Castillo was taken into custody and the truck was seized. At that time, Mr. Hernandez-Castillo admitted that he was the owner of the truck, and he indicated that he had purchased it two weeks earlier from Mr. Castaneda-Lopez.

Pursuant to a vehicle search, agents subsequently uncovered approximately 122 pounds of marijuana concealed in false compartments inside the wheel wells and front bed of the truck. Mr. Hernandez-Castillo and Mr. Castaneda-Lopez, were indicted on November 11, 1996. They were tried together before a jury. At trial, Mr. Hernandez-Castillo admitted ownership of the truck, but denied knowledge that marijuana was concealed therein. At the conclusion of the government's case, both defendants moved for judgments of acquittal pursuant to Fed. R. Crim. P. 29(a). The trial court granted Mr. Castaneda-Lopez's motion, but denied Mr. Hernandez-Castillo's motion. After all evidence was presented, the jury found Mr. Hernandez-Castillo guilty.

Mr. Hernandez-Castillo appeals on two grounds. He contends the evidence at trial was insufficient to support the jury's finding that he possessed marijuana with intent to distribute. He also argues that the district court erred by not declaring a mistrial after it dismissed the case against Mr. Castaneda-Lopez, while allowing the same jury to decide the case against Mr. Hernandez-Castillo. With regard to each challenge, we affirm the district court.

## I.    Sufficiency of the Evidence

In determining whether there is sufficient evidence to support the jury's verdict, this court reviews the record *de novo*.  See, e.g., United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997).  Evidence sufficiently supports a verdict if, when considered in the light most favorable to the government, it would allow a reasonable juror to find the defendant guilty beyond a reasonable doubt.  See id.  In evaluating the evidence under this standard, the court will not question a jury's credibility determinations or its conclusions about the weight of the evidence.  See United States v. Johnson, 57 F.3d 968, 971 (10th Cir. 1995).

To obtain a conviction for possession of marijuana with intent to distribute under 21 U.S.C. § 841, the government must prove that Mr. Hernandez-Castillo (1) possessed a controlled substance, (2) knew he possessed a controlled substance, and (3) intended to distribute the controlled substance.  See United States v. Mains, 33 F.3d 1222, 1228 (10th Cir. 1994).   With regard to the first element, the statute does not require a defendant to have had actual possession of the marijuana; constructive possession is sufficient.  See id.  An individual has constructive possession over an object when he or she knowingly has exclusive ownership, dominion, or control over the object or the premises where the object is found.  See United States v. Taylor, 113 F.3d 1136, 1144-45 (10th Cir. 1997).  Here, there is no question that Mr. Hernandez-Castillo exclusively owned the

truck in which the narcotics were found. He admitted such at trial. Thus, the first element is satisfied.

The second element—whether the defendant knew he possessed a controlled substance—is disputed by the parties. Mr. Hernandez-Castillo urges us to adopt the Fifth Circuit's approach of looking for additional factors indicating knowledge in cases in which contraband is discovered in hidden compartments within a vehicle. See United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995). It is unnecessary, however, for us to decide whether to follow the Fifth Circuit approach. In reviewing the evidence in the light most favorable to the government, we find sufficient evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt even if we were to require additional evidence indicating knowledge of possession.

First, we look at Mr. Hernandez-Castillo's connection to the truck. He testified that he drove the truck every day he had work. Two cans of plumbing sealant, used to line the false compartments, were found in the truck. Finally, Agent Scott testified that Ms. Delgado identified Mr. Hernandez-Castillo as the driver of the truck.

Next, we look at the evidence of Mr. Hernandez-Castillo's hesitant behavior as described by Agent Scott. Mr. Hernandez-Castillo was reluctant to claim ownership of the truck and to produce its keys. This allows a reasonable

juror to infer guilty knowledge that defendant possessed contraband. A jury's reasonable inference of Mr. Hernandez-Castillo's knowledge is further supported by the evidence presented by the government showing that the marijuana was reasonably fresh and that the addition of the false compartments were recent. This evidence would allow a reasonable juror to discount the defense's theory that both the false compartments and the contraband concealed therein were in place prior to the defendant's taking possession of the truck. The circumstantial evidence similarly permitted the jury to draw a reasonable inference that Mr. Hernandez-Castillo was at the motel, in an area with high levels of drug and alien smuggling activity, in order to wait for an opportunity to cross the border checkpoints when they were closed.

Furthermore, the defendant admitted on cross-examination lying to border patrol agents on two occasions, the first when he initially denied ownership of the truck, and the second when he gave them a false address for his claimed residence in the United States. In light of the totality of evidence, we conclude there is sufficient evidence to support a finding that defendant knew he possessed a controlled substance.

On the third element of a section 841 case—intent to distribute the controlled substance—Mr. Hernandez-Castillo does not assert that the evidence was insufficient to demonstrate intent. Thus, in evaluating the evidence under the

three-part standard, we conclude there is sufficient evidence to support a conviction against defendant for possession of marijuana with intent to distribute.

## II.    Right to a Fair Trial

Mr. Hernandez-Castillo argues that the district court prejudiced the case against him and violated his constitutional rights to due process and a fair and impartial trial by failing to declare a mistrial after dismissing the case against Mr. Castaneda-Lopez.  Mr. Hernandez-Castillo did not move for a mistrial below nor object at any time to the continuation of the trial, thus we simply review for plain error.  See United States v. Young, 470 U.S. 1, 15-16 (1985).  Accordingly, our review is limited to determining whether the district court's decision not to *sua sponte* declare a mistrial so prejudiced the case against the defendant and impinged on the fundamental fairness of the trial process, see id. at 16, that, in view of all the circumstances, the defendant must be deemed to have been deprived of his Fifth Amendment due process or Sixth Amendment impartial jury guarantees.  Under this standard, there was clearly no plain error here.  The district court properly instructed the jury not to draw any conclusions from the dismissal of the case against Mr. Hernandez-Castillo's co-defendant.  Such curative instructions were sufficient here to protect the defendant from prejudice amounting to plain error.

Based upon the foregoing conclusions, we find that the evidence was

sufficient to sustain the conviction, and we also find that the district court did not plainly err in not declaring a mistrial. Therefore, we affirm the decision of the district court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge